United States District Court
Southern District of Texas

**ENTERED**

September 25, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| OSBALDO GARCIA, *et al*, §<br>§<br>Plaintiffs, §<br>VS. §<br>§<br>UNITED STATES OF AMERICA, *et* §<br>*al*, §<br>§<br>§<br>Defendants. § | CIVIL ACTION NO. 5:19-CV-16 |

## MEMORANDUM AND ORDER

Before the Court is the United States of America's Motion to Dismiss Plaintiffs' Original Complaint. (Dkt. No. 14). That motion is **GRANTED** as follows. Plaintiffs' claims against the United States are **DISMISSED** without prejudice. Plaintiffs' claims against the John Doe Defendants are **DISMISSED** with prejudice. Defendant Jason M. Antonelli has filed an Answer, and the claims against him remain pending.

### I. BACKGROUND

On February 1, 2017, federal agents arrested Plaintiff Osbaldo Garcia after a grand jury indicted him on charges of possession and conspiracy to possess with intent to distribute over a kilogram of heroin. (Dkt. Nos. 1-3, 1-4). About five weeks later, the United States moved to dismiss the indictment, which the Court granted. (Dkt. Nos. 1-16, 1-17).

On January 29, 2019, Plaintiffs[1] submitted an administrative claim for

---

[1] Plaintiffs are Osbaldo Garcia and his wife Juana Edith Garcia.

damages to the DEA and other federal agencies. (Dkt. No. 1 at 4). On February 1, 2019, Plaintiffs filed an original complaint with this Court. (Dkt. No. 1). In their complaint, Plaintiffs asserted causes of action under the Federal Tort Claims Act (FTCA) against the United States. (*Id.* at 40). They also asserted causes of action under the *Bivens* doctrine[2] against DEA Special Agent Jason M. Antonelli and several "John Doe" unnamed individuals.[3] (*Id.* at 43).

The United States now moves to dismiss the claims against the Government on the ground that Plaintiffs failed to exhaust their administrative remedies before filing this action. (Dkt. No. 14 at 7–10). The United States also moves to dismiss the *Bivens* claims against the John Doe Defendants as time-barred, because Plaintiffs did not amend their complaint to name the John Does before the statute of limitations expired. (*Id.* at 10–11).

In their response, Plaintiffs concede that, because they did not exhaust their administrative remedies, their FTCA claims against the United States should be dismissed without prejudice. (Dkt. No. 18 at 2–3, 3–5). Plaintiffs oppose the motion to dismiss the John Does, however, relying on the "relate back" doctrine in Rule 15(c) of the Federal Rules of Civil Procedure. (*Id.* at 3, 5–17). Plaintiffs argue that, if additional defendants are identified in discovery, Rule 15(c) "may allow the substitution of the correctly named parties." (*Id.* at 3). In its reply, the United States

---

[2] *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] According to their complaint, Plaintiffs believe that the John Does are DEA employees who participated in the underlying criminal investigation. (Dkt. No. 1 at 2).

counters that Rule 15(c) is inapplicable.  (Dkt. No. 19 at 3–5).

## II. DISCUSSION

### A. FTCA Claims Against the United States

Claimants may not initiate an action against the United States unless they first present the claim to the appropriate federal agency, and the agency either denies the claim or fails to issue a decision within six months.  28 U.S.C. § 2675(a).  This exhaustion requirement is "jurisdictional, and may not be waived." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).  Additionally, because "jurisdiction must exist *at the time of filing*," *Hinojosa v. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013), an "action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price*, 69 F.3d at 54 (*citing McNeil v. United States,* 508 U.S. 106, 113 (1993)).

As the parties agree, Plaintiffs filed their original complaint three days after submitting an administrative claim for damages — before the agency issued a determination or six months had passed.  Plaintiffs therefore failed to exhaust their administrative remedies, leaving this Court without jurisdiction to adjudicate their claims.  Accordingly, Plaintiffs' FTCA claims against the United States are dismissed without prejudice.

### B. *Bivens* Claims Against the John Doe Defendants

Generally, plaintiffs may not amend their complaint to add additional defendants after the statute of limitations has expired. *See Winzer v. Kaufman Cty.*,

916 F.3d 464, 471 (5th Cir. 2019); *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (leave to amend a complaint should be denied when amendment would be "futile," such as to "add a claim upon which the statute of limitations has run"). The limitations period in a *Bivens* action is derived from state law, *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982), which in Texas is two years, *Gartrell v. Gaylor*, 981 F.2d 254, 256–57 (5th Cir. 1993) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)).

As the parties agree, Plaintiffs' cause of action accrued on February 1, 2017, the date of Mr. Garcia's arrest. *See Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) ("[T]he limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." (citation omitted)). Plaintiffs filed their complaint on February 1, 2019, two years to the day after their cause of action accrued. Since the limitations period has expired, any future attempt to amend the complaint to add additional defendants would be time-barred.[4]

Yet Plaintiffs seek to rely on Federal Rule of Civil Procedure 15(c), which recognizes an exception to the statute of limitations for an amendment that "relates back" to the original complaint. The Rule provides that an amendment relates back when, *inter alia*, "'the amendment changes the party or the naming of the party

---

[4] Plaintiffs have not argued that the limitations period should be equitably tolled, and courts have consistently found "no entitlement to equitable tolling where a plaintiff waited until the very end of the limitations period to file suit against unknown defendants, leaving insufficient time for discovery of their identities," *Gage v. Unknown Dallas Police Officer*, No. 3:11-CV-1599-D-BH, 2011 WL 5979386, at *3 (N.D. Tex. Sept. 22, 2011) (collecting cases), *report and recommendation adopted*, No. 3:11-CV-1599-D, 2011 WL 5985595 (N.D. Tex. Nov. 29, 2011).

against whom a claim is asserted' and 'the party to be brought in by amendment . . . knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Balle v. Nueces Cty., Texas*, 690 F. App'x 847, 850 (5th Cir. 2017) (quoting FED. R. CIV. P. 15(C)(1)(C)). The central feature of this rule is that the change must be "the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998).

The Fifth Circuit has "clearly held that 'an amendment to substitute a named party for a John Doe does not relate back under Rule 15(c).'" *Winzer*, 916 F.3d at 471 (quoting *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282–83 (5th Cir. 2008)). As the Circuit has explained, "Rule 15(c) requires a *mistake* concerning the identity of a party. Failing to identify individual defendants cannot be characterized as a mistake." *Id.* (cleaned up and internal citation omitted); *accord Jacobsen*, 133 F.3d at 321 ("[T]here [is] "no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant."); *see, e.g.*, *Whitt*, 529 F.3d at 282–83 (holding that "statute of limitations rendered amendment of the complaint futile" where plaintiff did not seek to name John Does until after limitations period expired). Thus, binding circuit precedent forecloses Plaintiffs' reliance on Rule 15(c) to avoid the statute of limitations. As any future motion to amend would be futile, the claims against the John Doe Defendants are dismissed with prejudice.

## III. CONCLUSION

For these reasons, the United States' motion to dismiss, (Dkt. No. 14), is

**GRANTED**.  Plaintiffs' claims against the United States are **DISMISSED** without prejudice, and their claims against the "John Doe" Defendants are **DISMISSED** with prejudice.  The claims against Defendant Antonelli remain pending.

It is so **ORDERED**.

**SIGNED** September 24, 2019.

Marina Garcia Marmolejo
United States District Judge